UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANT T. PRATT, | No. C 09-1143 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CDW (A) P. T. SMITH; et al., | |
| Defendants. | |

## INTRODUCTION

Ryant T. Pratt, formerly an inmate at Pelican Bay State Prison and now an inmate at Kern Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint in this action, Pratt alleges three claims. First, he alleges that, during a cell search on March 20, 2008, correctional officer Northrop stole some of his personal property.

Second, he alleges that, at a hearing on April 22, 2008, he was found guilty of the disciplinary offense of threatening a non-inmate. The discipline imposed was a four-month term in the security housing unit ("SHU"). His minimum eligible release date ("MERD") for that determinate term was June 19, 2008. The discipline imposed also included a 60-day credit forfeiture. Complaint, Exhs. at p. W, 4/22/08 CDC-115, p.2.

Third, he alleges that he was retained in the SHU in administrative segregation after his disciplinary term ended. He alleges that prison officials did not provide him with a written CDC-114D administrative placement notice (i.e., the form usually used to inform a prisoner that he is being put in administrative segregation). His complaint and exhibits show that he appeared before the ICC on June 11, 2008, for a pre-MERD review, and his case was referred for indeterminate SHU placement based on his extensive disciplinary history. Complaint, Exhs. at p. 25 (CDC-128G dated June 11, 2008). The CDC-128G identified five disciplinary offenses, and stated that Pratt "has been referred for Indeterminate SHU placement due to his serious disciplinary history, propensity towards Violence and unmanageable behavior. Committee believes S is a Threat to Staff safety and the safety of others. S needs a more structured environment with closer supervision by Custody Staff, which cannot be achieved within the General Population." Id. The CDC-128G states under the "inmate comments" section that the inmate "expressed his understanding of the basis for the ICC action and disagreed with the action." Id. Pratt was informed of his right to appeal. Id. His case was reviewed by the CSR on June 25, 2008, at which time Pratt was endorsed to serve an indeterminate SHU term. Complaint, Exhs. at p. 29, CDC 128G dated June 25, 2008.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

### A.  Property Deprivation Claim

Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). The allegations in the complaint that Pratt's personal property was stolen or destroyed by a member of the prison staff does not state a claim for relief under § 1983. The allegations show a random and unauthorized deprivation of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. That claim must be asserted, if at all, in state court.

### B.  Disciplinary Matter

Pratt's complaint does not include any allegations of a constitutional violation in connection with the disciplinary proceedings that resulted in the four-month determinate SHU term, but his exhibits suggest he disputes the correctness of the disciplinary decision. Leave to amend will not be granted so that he may attempt to identify the problem with that disciplinary proceeding because there is a separate problem that would make such amendment futile. Specifically, Pratt's discipline included not only the four-month SHU term that he focuses on, but also a 60-day time credit loss. Under the Heck rule, the credit forfeiture requires a rejection of claims for damages.

The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or sentence unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or

sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence is invalid. Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Heck also bars a claim for using the wrong Wolff v. McDonnell, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641, 645 (1997). The practical importance of this rule is that Pratt cannot attack the disciplinary decision that affects the duration of his confinement in a civil rights action for damages; it must have been successfully attacked before the civil rights action for damages is filed. Any claim for damages that implies the invalidity of the discipline imposed must be dismissed. If Pratt wishes to challenge the decision that resulted in the credit forfeiture, he must do so in a petition for writ of habeas corpus, but not until he has first exhausted his state judicial remedies.

C.    Ad-Seg Placement

Pratt contends that his indeterminate placement in administrative segregation is improper because he did not receive a particular form. The allegations fail to state a claim for relief under § 1983 because there is no requirement for advance written notice of the reason for ad-seg placement. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement for a prison inmate may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of real substance. Sandin v. Conner, 515 U.S. 472, 477-87 (1995). When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and

a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). Due process requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985). Pratt's complaint and the exhibits he attached thereto plainly show that, even if he did not receive the usual CDC-114D form, he was notified of the reason for his continued retention, he had an informal nonadversary hearing within a reasonable time (i.e., before his indeterminate SHU term even began), was told why prison officials were considering keeping him in administrative segregation, and he was allowed to present his views then. Complaint, Exhs. at p. 25, 6/11/08 CDC-128G. The complaint and exhibits show that Pratt received the procedural protections due him. The alleged failure to provide him with a particular form (i.e., the CDC-114D) did not violate due process. Due process also was not violated by any failure to give him advance notice of the hearing. He also alleges a violation for the July 16, 2008 hearing at which he appeared but allegedly did not receive a CDC-114D. On July 16, 2008, he appeared before an ICC when he arrived at Corcoran, was informed of the reason for his SHU placement, and made comments. See Complaint, Exhs. at p. 24, 7/16/08 CDC-128G.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed. Because the problems which require dismissal are not of the sort that can be cured by amendment, the dismissal is without leave to amend. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 28, 2009          _____
                                    SUSAN ILLSTON
                                    United States District Judge

5